## Michael Kramp, Appellee, v. Louis Thexton, Appellant.

### Gen. No. 22,403.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded with directions. Opinion filed May 29, 1917.

### Statement of the Case.

Bill by Michael Kramp, complainant, against Louis Thexton, defendant, for the payment of a deficiency decree entered in his favor in a foreclosure proceeding. From an order directing defendant to pay $4,798.29, defendant appeals. The facts are stated in *Kramp v. Kramp*, 185 Ill. App. 464, and *Kramp v. Thexton*, 201 Ill. App. 508.

WILLARD C. McNITT and JOSEPH A. BATES, for appellant.

HAMLIN & TOPLIFF, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

### Abstract of the Decision.

1. MORTGAGES, § 738*—*when owner of equity of redemption entitled to rents, issues and profits during redemption period.* The provision in a trust deed as to the rents, issues and profits collected during the redemption period, which directs the receiver to pay "any rents that may be collected after such sale and before the time of redemption expires, to the purchaser or purchasers of said premises at such sale or sales," does not pledge the rents, issues and profits collected during the period of redemption, but they belong to the owner of the equity of redemption unless he has assumed the indebtedness and there is a deficiency decree against him personally.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. MORTGAGES, § 635*—*when order directing receiver to recover amount of deficiency decree is vacated by order of vacation.* A decree in foreclosure found that defendant and his codefendant were personally liable for the indebtedness and a deficiency decree was entered against them and the receiver was ordered to remain in possession of the premises during the period of redemption "for the purpose of collecting such deficiency or such part thereof as he may be able to collect." Subsequently the decree was modified by an order vacating the provision finding defendant personally liable. *Held*, that such order of vacation necessarily affected every part of the decree inconsistent therewith respecting the payment of the rents, issues and profits collected during the period of redemption and therefore vacated the order directing the receiver to collect the amount of the deficiency decree.